IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLES "RANDY" REICH                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 1:15-CV-123-NBB-DAS

MUELLER COPPER TUBE COMPANY, INC.                                                  DEFENDANT

## ORDER DENYING SUMMARY JUDGMENT

Presently before the court is the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

The plaintiff, Charles "Randy" Reich, brings this action against his former employer, Mueller Copper Tube Company, Inc. ("Mueller"), asserting that his employment was terminated in violation of the Age Discrimination in Employment Act ("the ADEA") and the Americans with Disabilities Act ("the ADA"). Mueller, a company which produces copper tubing and has operated a facility in Fulton, Mississippi, for approximately forty-six years, hired Reich in 1971. Reich worked in the shipping department for approximately the last twenty years. His duties included operating a crane to load trailers, assisting others in loading trailers, and staging loads for shipping.

In 1996 Reich suffered from a heart condition which required stents to be placed in his heart. He alleges that after the procedure he suffered from severe anxiety, including panic attacks, and depression. The condition caused Reich to take two separate six-month periods of FMLA qualifying medical leave during 1998 and 1999. Reich took FMLA leave again in 2013 to have another surgical procedure performed on his heart.

On July 17, 2014, Ronnie Scott, a superintendent at Mueller, approached Reich and, according to the plaintiff, intentionally provoked him and gave him orders that conflicted with instructions from Reich's own supervisor, Billy Thompson. During the exchange, Reich picked up a 1x4 board, allegedly because he felt threatened by Scott. Reich asserts that he did not raise the board in a threatening manner, though the defendant asserts that he did. Reich then dropped the board without incident. The following day, Mueller human resources manager, Travis Fisher, contacted Reich and advised him that he was fired for violating "Rule 26," which pertains to threatening or intimidating fellow employees or a supervisor. Mike Baum, the plant manager of the Fulton plant since 2011, made the firing decision. The plaintiff, who was sixty-two at the time of his termination, was replaced by Joey Loden, who was in his early to mid fifties.

The defendant asserts that "any employee who threatens physical harm [in violation of Rule 26] where the employee actually strikes someone, threatens to strike someone, pulls out a knife, or picks up any kind of weapon is terminated every time . . . ." [Doc. 39, p. 8] The defendant then provides three examples of such incidents. The plaintiff asserts, however, that a younger employee, Tom Sharpe, age forty-eight, threatened a supervisor the previous week and was not fired and only received a verbal warning. The defendant makes a distinction between Sharpe's incident and the plaintiff's which the court finds tenuous, at best. Sharpe admittedly threw a crane conductor box on the ground in anger during an altercation with his supervisor, but the defendant contends that he threw the box away from the direction of the supervisor and walked away. Mueller asserts that Sharpe's incident "vastly differs from the conduct of Plaintiff, who refused a directive and then picked up a 1x4 board and approached the supervisor." [Doc.

2

49, p. 20] Mueller asserts, "It is undisputed that Mr. Sharp [sic] did not threaten a supervisor...." [*Id.*] Oddly, within the same paragraph of its rebuttal brief, however, Mueller states, "Mr. Sharp [sic] received a written verbal warning for his conduct of throwing a conductor box, which was abuse of property and **threatening, intimidating a supervisor**." [*Id.*] Further, Sharpe's "Disciplinary Action Form" specifically lists Rule 26 "Threaten and Intimidate fellow employees or Supervisor" as a reason for the verbal warning. [Doc. 43-19] Additionally, the plaintiff has directed the court to sufficient evidence of various other altercations where younger employees threatened supervisors or fellow employees and were not fired. Some of this evidence is, as the defendant contends, inadmissible hearsay, but not all of it; and the court finds that material questions of fact exist in this regard, and summary judgment is inappropriate.

The plaintiff has also submitted evidence – though again, some of it is inadmissible hearsay – indicating that certain administrative employees at Mueller have expressed desires to terminate employees solely because of their age. The plaintiff submitted the affidavit of his son, Christopher Charles Reich, who was employed as a bench line supervisor at Mueller from August 2013 until March 2015. After offering a list of alleged incidents illustrating his point, Christopher Reich stated that age discrimination "was part of the culture at Mueller." [Doc. 43-18, p. 2]

The plaintiff has directed the court to sufficient evidence showing that he may be able to establish a prima facie case of both ADEA and ADA discrimination. The court finds that the plaintiff has presented genuine issues of material fact including, but not limited to, whether the defendant's proffered reasons for firing Reich are pretext for discrimination, that is, whether Reich was terminated because of his alleged violation of Rule 26 or because of his age and/or

3

alleged disability, whether Reich was a qualified individual with a disability as defined by the ADA, and whether the plaintiff actually threatened Ronnie Scott.

Because the court finds the existence of genuine issues of material fact in this case, summary judgment is inappropriate, and the defendant's motion should be denied. It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion for summary judgment is, hereby, **DENIED**.

This, the 17th day of January, 2017.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**