IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLES "RANDY" REICH                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:15-CV-123-NBB-DAS

MUELLER COPPER TUBE COMPANY, INC.                                               DEFENDANT

## ORDER RULING ON MOTIONS IN LIMINE

Presently before the court are the defendant's motions *in limine* seeking to exclude certain evidence from the upcoming trial of the above styled and numbered cause. Upon due consideration of the motions, responses, and applicable authority, the court finds as follows.

The defendant first moves to exclude the testimony of Martha Davis on grounds of relevancy and unfair prejudice. Fed. R. Evid. 401, 403. Martha Davis was Mueller's human resources manager from 1984 until she retired in 2004. The plaintiff asserts that Davis has knowledge of Reich's health issues which began in the mid-1990s, but the defendant argues that because the alleged decision-maker in the plaintiff's termination, Fulton plant manager Mike Baum, did not begin working at Mueller's Fulton facility until 2011, Davis has no personal knowledge as to whether Baum was aware of the plaintiff's medical condition. (The defendant's position is that Baum had no knowledge of Reich's condition.)

The plaintiff acknowledges that Davis obviously cannot testify from personal knowledge about Reich's termination or events occurring at Mueller after Davis' 2004 departure. The plaintiff argues, however, that a reasonable jury could find that if management were well informed of Reich's medical issues in the 1990s, the issues would be well known to management in 2014.

The court finds this evidence too remote in time to be probative, and it should be excluded. The defendant's motion *in limine* regarding the testimony of Martha Davis is, therefore, well-taken and will be granted.

Next, the defendant seeks to exclude evidence of other charges of discrimination filed by non-party individuals. The plaintiff would like to offer testimony regarding two EEOC charges filed by other individuals against Mueller, Margaret Inmon and Latricia Smith. The Fifth Circuit set forth the reasoning supporting the exclusion of evidence of other discrimination in *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000). The *Wyvill* court vacated the jury's verdict in favor of the plaintiffs and stated that "by admitting this evidence, the district court substantially prejudiced United Companies, forcing it to respond to each witness' claims and creating, in effect, several 'trials within a trial.'" *Id.* at 303-04.

Anecdotal evidence of other discrimination requires an inquiry that is "fact-based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Spring/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). The plaintiff argues that Inmon and Smith worked at Mueller at the same time as the plaintiff and suffered their adverse employment actions around the same time as his termination. The plaintiff further contends that Mike Baum and the human resources manager would have signed off on these actions as they did with the plaintiff's termination. The defendant asserts, however, that Smith has not even been terminated by Mueller, and the circumstances surrounding Inmon's termination are completely unrelated to the plaintiff's firing, which occurred seventeen months later. The court, therefore, finds no probative value in the fact that these employees filed EEOC charges against Mueller. As the defendant states, the contested

issue in the instant case is whether Mueller discriminated against the plaintiff, not whether Mueller discriminated against other employees. The motion *in limine* will be granted.

Finally, the defendant moves to exclude testimony that the plaintiff received unemployment benefits. After Reich was fired in 2014, he applied for and received unemployment benefits. The defendant did not oppose his application, and no hearing was conducted. The plaintiff admits that this information is not relevant to this case.

In 1984, however, Reich was terminated because he was involved in an altercation with co-worker Billy Holland. Reich was terminated for violating Plant Rule 26, which prohibits an employee from assaulting, threatening, or intimidating a fellow employee or supervisor. After this termination, Reich applied for and was initially denied unemployment benefits. Reich was later awarded benefits after a hearing. The appeal referee found that when the altercation between Reich and Holland occurred, Reich was at his work station performing his job, and Holland started the fight at that place. As the plaintiff notes, part of Mueller's defense is that Reich is a violent person who gets into fights with other employees, and the defendant cites this 1984 incident as proof of its assertion. The plaintiff argues that evidence of an official determination that Reich did not start the fight with Holland is relevant evidence and would unduly prejudice Reich if it were excluded.

The court finds, however, that this evidence is too remote in time to offer any probative value to the plaintiff's case or to Mueller's defense. Evidence of this incident will, therefore, be excluded, and the plaintiff will have no need to explain his role in the altercation. The defendant's motion *in limine* will be granted, but the court finds, *sua sponte*, that evidence of this 1984 incident will be excluded at trial.

3

In accordance with the foregoing rationale, it is **ORDERED AND ADJUDGED**

that the defendant's motion *in limine* to exclude the testimony of Martha Davis is **GRANTED**;

that the defendant's motion *in limine* to exclude evidence of other discrimination is **GRANTED**; and

that the defendant's motion *in limine* to exclude testimony regarding unemployment benefits is **GRANTED**; and

that evidence of the plaintiff's 1984 altercation and firing will be excluded.

This, the 19th day of January, 2017.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**